IRVING, P.J.,
concurring in part and dissenting in part:
¶ 33. While I agree with the majority’s decision to affirm Rogers’s armed-robbery conviction, I must respectfully dissent from the majority’s decision to affirm Rogers’s conviction for the unlawful possession of a firearm. In my opinion, the State failed to prove Rogers’s prior-felony status by either a stipulation, a certified record of a prior felony conviction, or other evidence adduced through a witness during the evidence phase of Rogers’s trial. Therefore, there is insufficient evidence to sustain his conviction of possession of a firearm by a convicted felon. I would reverse and render Rogers’s unlawful-possession conviction.
¶ 34. Before delving into the discussion of the issue, I must correct the majority’s misstatement of the central issue. As to the central issue, the majority says: “Rogers claims that: (1) regardless of the fact that he stipulated that he had previously been convicted of a felony, there was insufficient evidence to support his conviction for felon in possession of a firearm because the prosecution failed to introduce evidence that he had previously been convicted of a felony[.]” Maj. Op. at (¶ 1). In fact, Rogers states the issue as follows: “Whether the [Sjtate produced evidence of a previous conviction of a felony crime for a jury to have sufficient evidence to convict appellant on the charge of unlawful possession of a firearm by a convicted felon[.]” I have perused the record with great care, and I have not been able to find any place where a stipulation was read to the jury. For sure, during the course of the trial, Rogers stated that he was agreeable to stipulating that he had a prior felony conviction and that he wanted to handle the stipulation through a jury instruction. It is also accurate that during the jury-instruction conference, Rogers submitted an instruction that informed the jury of his prior-felony status, and the circuit court gave the instruction, which the court described as a limiting instruction, not a stipulation of fact.
¶ 35. The majority and I disagree as to whether the procedure that was used was sufficient to allow the State to meet its burden — during the evidentiary phase of the trial — of proving every element of the charged offense of possession of a firearm by a convicted felon. Apparently, the majority either believes (1) that the State had met its burden because Rogers had agreed to stipulate that he was a convicted felon even though the stipulation had not been read to the jury or (2) that the submission of the jury instruction cured the problem. Not at any time prior to the jury being instructed had the jury been presented evidence of Rogers’s prior felony conviction either by proof through a witness from the witness stand, .by admission of a certified record of a previous conviction, or by an oral or written stipulation that the *554 State and Rogers agreed that Rogers was a previously-convicted felon.
¶ 36. A proper resolution of today’s case turns on the answer to two vital questions. The first question is whether the State is relieved of its responsibility to prove an essential element of a crime when a defendant states that he is willing to stipulate to the element, but the stipulation, whether oral or written, is never placed before the jury at any time prior to the close of the evidentiary phase of the trial. The second question is whether the State may prove a crucial element of its case through a jury instruction that instructs the jury that it may consider an elemental fact that was never presented to the jury during the evidentiary phase of the trial.
¶ 37. The answer to both of the questions is quite evident to me. The answer to the first question is clearly in the negative, as the State always has the burden of presenting evidence from which the jury may find that all of the essential elements of the crime have been proved. See Warren v. State, 709 So.2d 415, 420 (¶ 25) (Miss.1998). The answer to the latter question is a little less clear but clear enough. The Mississippi Supreme Court has stated the purpose and role of jury instructions. They are not testimonial and cannot add to the body of factual evidence adduced during the trial. Rather, their sole purpose is to instruct the jury as to the application of the law to the facts. Additionally, there must be an existing evidentiary basis to support an instruction before it is lawful for it to be given. See Anderson v. State, 79 So.3d 501, 505 (¶ 15) (Miss.2012). Therefore, it logically follows that the answer to the second question is also in the negative. Yet, the majority, without citing any authority for its position, apparently finds that the jury instruction submitted by Rogers cured the problem.
¶ 38. The majority also finds that Rogers is proeedurally barred from raising the issue regarding the insufficiency of the evidence because he only challenged the sufficiency of the evidence with respect to his robbery conviction. This position is based on a misreading of the entire record. While it is true that Rogers only challenged the sufficiency of the evidence regarding his robbery conviction in his post-trial motion, he submitted a peremptory instruction (Instruction D-l), which was refused by the circuit court, that was not limited to the armed-robbery conviction. It is well-settled law that a peremptory instruction implicates the sufficiency of the evidence, and the refusal of the instruction by the trial court preserves the issue for appellate review. Magee v. State, 966 So.2d 173, 179 (¶ 13) (Miss.Ct.App.2007).
¶ 39. For the reasons presented, I dissent from that portion of the majority opinion affirming Rogers’s conviction for possession of a firearm by a convicted felon.
BARNES, J„ JOINS THIS OPINION.